IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**TEAMSTERS LOCAL UNION 667**                                                                   **PLAINTIFF**

**V.**                                                                            **NO. 2:12CV00158-SA-JMV**

**COAHOMA OPPORTUNITIES, INC.**                                                               **DEFENDANTS**

**ORDER**

Before the court are Plaintiff's Motion for Costs and Fees Pursuant to Federal Rule 4(d) [8] and Plaintiff's Motion to Strike Purported Answer of Defendant [10]. By Order [13] dated January 18, 2013, the court granted the parties' *ore tenus* agreed motion to allow Defendant Coahoma Opportunities, Inc., an additional thirty days to respond to said motions. It has now been more than thirty days since entry of that Order, and Defendant has filed no responses. Accordingly, the court rules as follows:

*Motion for Costs and Fees*

By this motion, Plaintiff seeks a total of $2,856.80 for costs and attorney's fees associated with service of process due to Defendant's refusal to waive service of process. Rule 4(d) establishes procedures by which parties may request and agree to waive formal service. The court must assess costs against a defendant who refuses to waive service of process without good cause. FED.R.CIV.P. 4(d)(2).

Here, Plaintiff filed its Complaint against Defendant on August 20, 2012, and the clerk issued a summons for Defendant by and through Gustave Rossler, Defendant's registered agent for service of process. By certified mail, on August 23, 2012, counsel for Plaintiff submitted a copy of the Complaint and a letter requesting waiver of service of the summons pursuant to Rule 4(d), along with a Waiver of Service form for signature and return. An explanation of the requirements of Rule 4(d) were reproduced on the waiver form. The letter was addressed to Mr. Rossler, however, a response came from Edward

Seals, Executive Director of Coahoma Opportunities, wherein he handwrote "Refuse to waive the service of summons" across the waiver form. Mr. Seals returned the unsigned form to Plaintiff's counsel along with a letter stating that he was "opposed to the [w]aiver of [t]he [s]ervice [o]f [s]ummons. Following this, Plaintiff retained the services of a private process server and attempted to serve Defendant. However, Plaintiff determined that Rossler was no longer the agent for service of process for Defendant and that no replacement had been named. According to Plaintiff, Defendant refused to accept service of process addressed to Rossler. On October 5, 2012, Plaintiff had the summons reissued by the clerk in order to perfect service on Defendant "by and through Executive Director Edward Seals, as an "officer . . . managing or general agent." Plaintiff's first attempt at service through a private process server failed. Plaintiff does not provide an explanation why. Plaintiff then obtained the services of the Coahoma County Sheriff's Department, who effected service upon Defendant on November 26, 2012 [5].

The court finds there was no good cause for Defendant's failure to waive service of process. Accordingly, the instant motion is **GRANTED**. Plaintiff is entitled to the total amount of expenses associated with obtaining service of process, $136.80. The court finds Plaintiff is also entitled to an amount of reasonable attorney's fees. However, while the "reasonable expenses" referred to in Rule 4(d) include attorney's fees, the rule expressly limits attorney's fees to those related to "any motion required to collect . . . service expenses." FED.R.CIV.P. 4(d)(2)(B). *See also Rick's Cabaret Intern., Inc. v. Indemnity Ins. Corp.*, No. H-11-3716, 2012 WL 208606, at *5 (S.D. Tex. Jan. 24, 2012).

Here, Plaintiff states its attorneys spent a total of 16.25 hours (at the rate of $170 per hour) "effectuating service of process." According to Plaintiff, this time largely consisted of attorney

2

time spent obtaining service. Fees for this time, of course, are not compensable under Rule 4(d). Nevertheless, Plaintiff states that said time also "include[s] the time spent researching and preparing this [m]otion." Accordingly, the court finds that only the attorney's fees for the time spent prosecuting the instant motion are contemplated by the rule. Therefore, within fourteen (14) days of this date, counsel for Plaintiff must file an itemized affidavit of reasonable attorney's fees associated with prosecuting the instant motion. The court will enter an order awarding expenses upon approval of counsel's affidavit.

*Motion to Strike*

Here, Plaintiff seeks an order striking the Answer to the Complaint filed by Coahoma Opportunities, Inc. [6] on December 14, 2012, on the ground that Defendant, a corporation, was not represented by an attorney at the time the Answer was filed. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201-202 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel."). On January 14, 2013, however, Derek D. Hopson filed a Notice of Appearance [12] as counsel for Defendant, and, as noted above, the court granted the parties' joint request to allow Defendant additional time to respond to this motion. Defendant has filed no response to the instant motion, nor requested leave to amend the answer. Nevertheless, the court finds that because Defendant is now represented by counsel, the instant motion is moot.

SO ORDERED this 28th day of February, 2013.

/s/Jane M. Virden
UNITED STATES MAGISTRATE JUDGE