**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**TEAMSTERS LOCAL UNION 667**                                          **PLAINTIFF**

**V.**                                                                       **NO. 2:12CV00158-SA-JMV**

**COAHOMA OPPORTUNITIES, INC.**                               **DEFENDANTS**

### ORDER AWARDING COSTS AND FEES

By Order [18] dated February 28, 2013, the court determined that Plaintiff was entitled to expenses, including attorney's fees, associated with Defendant's refusal without good cause to waive service of process. However, the court found that certain attorney time presented in support of the total amount of fees requested by Plaintiff was not authorized by FED.R.CIV.P. 4(d). Accordingly, Plaintiff's counsel was required to file an itemized affidavit limited to only reasonable attorney's fees associated with prosecuting the Rule 4(d) motion.

The court has now reviewed counsel's affidavit [22] and is of the opinion that the time spent on certain items and, consequently the fee, is unreasonable. First, counsel's affidavit indicates that 3.25 hours were spent on research and an initial draft of the motion. However, an additional 3 hours was spent completing said research and draft. Next, counsel spent 30 minutes tabulating the total expenses of service for inclusion in the motion. Finally, counsel spent 1.75 hours revising the motion and filing it with the court, bringing the total amount of time spent on the motion to 8.50 hours. This is excessive.

First, the motion itself consists of only two pages, including a one-page, one-paragraph motion and a certification page. The memorandum in support of the motion consists of five pages, including a certification page, and is largely a recitation of facts supporting the request for

service fees and expenses. Only one paragraph–consisting of one sentence–is devoted to a statement of law in support of the motion. The issue presented by the motion was not complex. Indeed, in its ruling on the motion, the court relied largely upon the plain express language of Rule 4(d). Furthermore, the motion was not opposed. Based on this, the court finds that no more than 3 of the 8.50 hours of attorney time spent was reasonable. Accordingly, Plaintiff is entitled to $510.00 (at the rate of $170.00) plus the $136.80 in service expenses already allowed by this court.

**THEREFORE, IT IS ORDERED** that within thirty (30) days of this date, Defendant must pay a total of $646.80 in service expenses to counsel for Plaintiff for the benefit of Plaintiff.

This 7th day of March, 2013.

/s/Jane M. Virden
UNITED STATES MAGISTRATE JUDGE