**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**TEAMSTERS LOCAL UNION 667**                                    **PLAINTIFF**

**V.**                                                 **CASE NO.: 2:12cv00158-SA-SAA**

**COAHOMA OPPORTUNITIES, INC.**                            **DEFENDANT**

**<u>MEMORANDUM OPINION TO COMPEL ARBITRATION</u>**

The Plaintiff, Teamsters Local Union 667, filed a Motion to Compel Arbitration [19] asserting that Defendant, Coahoma Opportunities, Inc., ("COI") is bound by the terms of a Collective Bargaining Agreement ("CBA"), specifically an arbitration provision regarding the termination of the Grievant, Sandra Jones, as an employee. After reviewing the motion, responses, rules and authorities, the Court makes the following findings:

*Factual and Procedural Background*

Plaintiff brought this lawsuit to compel Defendant to arbitrate the grievance that arose over the termination of Jones' employment. Plaintiff and Defendant previously entered into a Collective Bargaining Agreement, which governs the interest of Defendant and its employees. According to Plaintiff, Defendant breached the terms of the CBA when it immediately terminated union member Jones for alleged child abuse rather than proceeding through the progressive discipline guidelines as established in the CBA. Plaintiff also asserts that it complied with all steps of the grievance process, as laid out in the CBA, in its attempt to resolve the grievance at issue. Defendant, however, argues Plaintiff failed to timely send a letter requesting arbitration as required by the CBA. Nonetheless, Defendant notified Plaintiff on March 15, 2012 that it refused to arbitrate this matter. In response, Plaintiff filed this suit.

Plaintiff brings this suit pursuant to 29 U.S.C.A. § 185(a) which states:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

*Standard*

"The courts' role is very limited when deciding issues of arbitrability." Oil, Chem. & Atomic Workers' Int'l Union, Local 4-447 v. Chevron Chem. Co., 815 F.2d 338, 343 (5th Cir. 1987). The Court's function is to decide whether the claim asserted is the type of claim the parties have agreed to arbitrate. Id. In no way are the courts to consider the merits of a claim. Id. Rather, the Court "is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract." United Steelworkers of Am. v. Am. Mfg. Co., 363 U.S. 564, 568, 80 S. Ct. 1343, 4 L. Ed. 2d 1403 (1960). Requests to order arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." United Steelworkers of America v. Warrior & Gulf Nav. Co., 363 U.S. 574, 582-83, 80 S. Ct. 1347, 4 L. Ed. 2d 1409 (1960). Doubts should be resolved in favor of coverage. Id., 80 S. Ct. 1347. This presumption may be successfully rebutted only if the party resisting arbitration can show (1) the existence of an express provision excluding the grievance from arbitration or (2) the "most forceful evidence" of a purpose to exclude the claim from arbitration. Commc'ns Workers of Am. v. Southwestern Bell Tel. Co., 415 F.2d 35, 39 (5th Cir. 1969).

*Analysis and Discussion*

As previously stated, the Court's role in determining arbitrability issues is very limited. "Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." AT & T Tech., Inc. v. Commc'ns Workers of

2

Am., 475 U.S. 643, 648, 106 S. Ct. 1415, 89 L. Ed. 2d 648 (1986). To determine the intent of the parties, Mississippi law requires the Court look to the plain meaning of a contract. Epperson v. Southbank, 93 So. 3d 10 (Miss. 2010).

At issue here is a provision of the CBA which states that "[i]f an Employee has been charged and found guilty of child abuse by a state or Federal agency the investigation will be reviewed by the union and a grievance will not proceed past Step 3." The CBA ordinarily requires parties to follow a five step process to handle grievances. These steps include:

1. informing the Employee's supervisor of the grievance,
2. submitting a written grievance to Human Resources,
3. holding a meeting between the Union and the Employer in an attempt "to resolve the grievance,"
4. convening a joint panel to rule on the grievance, and, finally,
5. submitting the grievance to arbitration if it is not resolved.

However, Article VIII Section 1 of the CBA exempts certain conduct from arbitration and "subject[s] [the employee] to immediate termination or other discipline." The provision at issue in this case deals with such conduct.

Defendant contends Jones was charged and found guilty of child abuse—exempting her grievance from arbitration—based on investigations conducted by COI and the Mississippi Department of Health. As a result, Defendant argues Jones' grievance could not proceed past Step 3, holding a meeting between the Union and employer to resolve the difference and, therefore, arbitration is not available.

The first question this Court must ask in determining whether to compel arbitration is whether the grievance at issue is arbitrable between the parties. In resolving this dispute, the

Court must determine the plain meaning of the words "charged" and "found guilty" under the CBA. "The mere fact that the parties disagree about the meaning of a provision of a contract does not make the contract ambiguous as a matter of law." Epperson, 93 So. 3d at 16-17. Black's Law Dictionary defines "charge" as "a formal accusation of an offense as a preliminary step to prosecution." Black's Law Dictionary 264 (9th ed. 2009). In this case, there was no formal accusation of child abuse. No criminal charges were ever filed against Jones; the child's parent also refused to press charges. Correspondence between McDougal, the Head Start Director, and Dixon, the Health Facilities Quality Assurance Coordinator for Defendant, stated that the investigation that found evidence of child abuse was conducted by an "informal review team." The Mississippi Department of Health—a "child care licensure board"—interviewed the complaining employee, and viewed video recordings of the alleged child abuse. They subsequently recorded their findings in the child care encounter form. However, as stated in the child care encounter Jones was not present during the investigation.

Because no charges were filed for child abuse against the grievant, she could have not been "found guilty." One must be charged with an offense before being adjudicated guilty. Adjudicate, according to Black's Law Dictionary is "to rule upon judicially." (9th Edition. 2009). However, this case presents no judicial ruling. Because the Court finds Jones was not charged and found guilty of committing child abuse, Article VIII Section 1 of the CBA does not apply. Therefore, the CBA does not exclude the grievance from arbitration.

The Court also finds Defendant's claim that Jones did not file her grievance in a timely matter to be a procedural issue that must be determined by the arbitrator, not a substantive issue for the Court. Chevron Chem. Co., 815 F.2d at 338. "Once it is determined . . . that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions

4

which grow out of the dispute and bear on its final disposition should be left to the arbitrator." John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 557, 84 S. Ct. 909, 11 L. Ed. 2d 898 (1964). For these reasons, the Court finds that the grievance at issue is properly arbitrable according to the terms of the CBA.

*Conclusion*

Article VIII Section 1 of the CBA does not apply to the grievance at issue in this case. As such, the Court finds Plaintiff's Motion to Compel Arbitration [19] should be GRANTED.

So ORDERED, this the 30th day of July, 2013.

                                               **/s/ Sharion Aycock**
                                               **U.S. DISTRICT JUDGE**